```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 3:12-cr-88(DCB)(FKB)
                                 CIVIL ACTION NO. 3:15-cv-85(DCB)

WILLIE EARL CULLEY                                       DEFENDANT

                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on Willie Earl Culley ("Culley")'s Motion to Vacate Under 28 U.S.C. § 2255 **(docket entry 350)**. Having carefully considered the motion and the Government's response, as well as the arguments of counsel and the applicable law, and being fully advised in the premises, the Court finds as follows:

On August 21, 2012, Culley was charged with Conspiracy to Possess with Intent to Distribute more than 500 grams of cocaine hydrochloride and cocaine base, commonly referred to as "crack," in a multi-defendant multi-count superseding indictment. Following a detention hearing held on September 27, 2012, Culley was detained without bond. On November 28, 2012, the defendant pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride and cocaine base. On July 9, 2013, Culley was sentenced to serve a term of 57 months followed by 4 years supervised release, a partial fine of $1,500.00, and $100 special assessment. The defendant filed a Notice of Appeal on July 16, 2013 (docket entry 248). A second Notice of Appeal was filed

on July 19, 2013 (docket entry 252). On September 23, 2013 the defendant filed a Motion for Reconsideration of Sentence (docket entry 272). On September 25, 2015, he filed a Motion to Dismiss the Appeals he had filed July 16 and 19, 2013 (docket entries 273 and 274). United States Magistrate Judge F. Keith Ball granted the motion to dismiss the appeals on September 25, 2013 (minute entry of September 25, 2015).

This Court, on October 15, 2013, also entered an Order granting Culley's motion to withdraw his notices of appeal (docket entry 277). On December 13, 2013, this Court denied Culley's Motion for Reconsideration of Sentence (docket entry 302). On December 27, 2013, the defendant filed a Notice and Motion to Modify the Stay of Appeal (docket entries 305 and 306). This Court denied the motion on August 13, 2014 (docket entry 320). The defendant's appeal was dismissed by the 5th Circuit Court of Appeals on November 13, 2014 (docket entry 334).

The defendant's sentence was reduced to 46 months on December 2, 2014, pursuant to 18 U.S.C. § 3582(c)(2) (docket entry 343). On October 30, 2015, the defendant began his term of supervised release. The term of supervised release is scheduled to conclude on October 29, 2019.

The defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on February 9, 2015 (docket entry 350). On May 20, 2015 he filed a Motion for Federal Benefits, Motion to Modify Supervised

2

Release and a Motion for Criminal Complaint under False Information [docket entries 363, 364 and 365). On November 5, 2015, this Court entered an order directing the Government to respond to Docket Entries 338, 346, 350, 363, 364 and 365. The Government complied with the order on December 4, 2015. In addition, the Government requested an extension of time to respond to Docket Entry 350, and requested an affidavit from Culley's former counsel. The Court granted the requests and ordered that the Government's response would be due 30 days after receipt of Culley's former counsel's affidavit (docket entry 396).

   The Government submitted its response to Docket Entries 338, 346, 363, 364 and 365 on December 4, 2015. The Court entered an Order on April 4, 2016, regarding Docket Entries 338, 346, 363, 364 and 365. On May 27, 2016, the Court entered an Order requesting the Government to advise how it wished to proceed regarding the defendant's Motion in Docket Entry 350. On June 1, 2016, the Government requested an affidavit from Culley's prior counsel, Terrence High. On June 3, 2016, an affidavit was received and the Court entered an order requiring a response to the defendant's Motion to Vacate by June 20, 2016. The Government responded and the Motion to Vacate Under 28 U.S.C. § 2255 is now ready for decision.

    In his Motion to Vacate, Culley claims that the Government breached the plea agreement by failing to recommend that he be

3

sentenced in the lower 25% of the recommended Sentencing Guideline range.  He further claims that his counsel failed to object "when the Government breached its plea agreement with Defendant when it failed to make its recommendation" and that his counsel was therefore ineffective (docket entry 350, p. 2).  However, the defendant has not made the requisite showing to satisfy the two-part test as required in Strickland v. Washington, 466 U.S. 668 (1984).

The defendant's burden in an ineffective assistance of counsel claim is high.  "To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the result of the proceeding would have been different."  United States v. Kinsey, 917 F.2d 181, 183 (5th Cir. 1990)(citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984); accord, Miller v. Johnson, 200 F.3d274, 282 (5th Cir.) cert. denied, 531 U.S. 849 (2000). Merely demonstrating that defense counsel has made an error is not enough.  An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  Strickland, 466 U.S. at 691.  Thus, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the

4

Constitution.  <u>Id</u>. at 692.

In order to establish prejudice, a convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  <u>Id</u>. at 694; <u>accord</u>, <u>Smith v. Puckett</u>, 907 F.2d 581, 584-585 (5th Cir. 1990).  A failure to establish either of the <u>Strickland</u> prongs makes it unnecessary to examine the other.  <u>Buxton v. Lynaugh</u>, 879 F.2d 140, 142 (5th Cir. 1989), <u>cert. denied</u> , 497 U.S. 1032 (1990).

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

<u>Strickland</u>, 466 U.S. at 697.  Culley's complaint about his counsel lacks merit because he has not demonstrated his counsel's performance was deficient.  In addition, the defendant put forth the same argument in his appeal to the Fifth Circuit Court of Appeals, which was dismissed on October 17, 2014.  The issue was reviewed for plain error.  <u>See</u> Docket Entry 334, p.2.  The Appellate Court found that the Government's recommendation was incorporated into the presentence report, and that the Government did not breach the plea agreement.  <u>Id</u>.  The defendant's claim is not cognizable under § 2255 because it was raised and disposed of

in a previous direct appeal.  See <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986); <u>accord</u> <u>United States v. Goudeau</u>, 2013 WL 586890, *3 (5th Cir. Feb. 7, 2013)(<u>per curiam</u>)(holding § 2255 claim was not cognizable when petitioner raised same issue on direct appeal).

Attorney Terrence High prepared an affidavit in response to the defendant's statements in his Motion to Vacate.  <u>See</u> Affidavit of Terrence High, attached as Exhibit 1 to Government's Response (docket entry 408).  Attorney High states that he never told the defendant that he would object if the Court or the U.S. Attorney recommended a sentence at the top of the guideline range.  <u>Id</u>. at p. 4.  Mr. High maintains that he advised the defendant that the Court was not bound by the plea agreement, and that it could sentence the defendant within the applicable guideline range, above or below the guideline range.  <u>Id</u>., pp. 4-5.  Mr. High states that he further counseled the defendant, advising him that the Court could accept or reject the recommendation of the Government.  <u>Id</u>., p. 5.

Culley's Motion to Vacate is based on his ineffective assistance of counsel claim.  He claims that his counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different."  Motion to Vacate, p. 11.  The Government has shown,

however, that Culley's counsel's performance was not deficient, and that Culley did not suffer prejudice as a result of any alleged deficiencies of counsel.  In addition, Culley's arguments were previously addressed by the Fifth Circuit in the defendant's failed appeal and cannot be reconsidered in a Section 2255 motion.  The Court therefore finds that Culley's Section 2255 Motion to Vacate shall be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED that Willie Earl Culley's Motion to Vacate pursuant to 28 U.S.C. § 2255 **(docket entry 350)** is DENIED.

A final judgment shall issue forthwith, dismissing the petitioner's habeas claim with prejudice.

Because the Court concludes that a reasonable jurist would not find its assessment of the aforementioned constitutional claims debatable or wrong, IT IS FURTHER HEREBY ORDERED that a Certificate of Appealability (COA) is DENIED.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED, this the 28th day of October, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE